(No. 93-CC-0101–

DRF REALTY, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 6, 1993.*

DRF REALTY, INC., *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General (SEBASTIAN DANZIGER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

BURKE, J.

Claimant DRF Realty, Incorporated (DRF) brought these claims seeking money due pursuant to a tax escalation clause in a rental agreement for property utilized by the Respondent's Department of Employment Security (DES). In its standard lapsed appropriation form complaints, DRF alleged that it made demands for payment but the demands were refused on the grounds that the funds appropriated for such payments had lapsed. The Respondent filed stipulations agreeing to entry of awards in the full amount sought. The stipulations are now before us for approval.

The Court of Claims is not bound by such stipulations. In these cases we are unable to approve all of the stipulations for the following reason.

In *La Salle National Bank v. State* (1991), 43 Ill. Ct. Cl. 266, we held that payments due pursuant to tax escalation clauses in leases were current obligations of the fiscal year in which they became due. Neither party filed a copy of the lease agreement in this case so we do not know exactly when payments were due. We do know from the copies of the tax bills attached to the complaints that the bills were not payable in the fiscal years for which the Respondent provided data in its departmental reports, *e.g.*, in 93-CC-0099, the tax bills indicate that payment was to be made in the first installment during fiscal year 1990 and the second installment was due in fiscal year 1991, but the report contains information relating to fiscal year 1989.

We are, however, able to approve the stipulation in 93-CC-0101. The bills in that case were payable by the

Claimant in fiscal years 1988 and 1989 and the Respondent would have owed pursuant to the tax escalation clause during one or both of those years. From the reports in 93-CC-0099 and 0100 we see that sufficient funds lapsed to cover the obligation.

It is hereby ordered that the Claimant be, and hereby is, awarded $629.26 in claim No. 93-CC-0101; it is further ordered that the Respondent review the lease agreement to determine in which fiscal year the obligation to pay arose in 93-CC-0099 and 93-CC-0100 and file amended reports in those cases. The parties are advised that payment of any awards made in these claims will require legislative approval, so Respondent is to provide the information at the earliest possible date.